**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**



UNLIMITED RESOURCES INCORPORATED,
A Florida Corporation,

     Plaintiff,

v.

DEPLOYED RESOURCES, LLC,
a foreign limited liability company;
RICHARD STAPLETON; ROBB NAPIOR;
MICHAEL FRISCH; JOHN DOE; and
JANE DOE, currently unknown
individuals or entities,

     Defendants.

_____/

CASE NO: 3:07-cv-961-J-12MCR

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, UNLIMITED RESOURCES INCORPORATED, a Florida Corporation, ("Unlimited Resources"), by and through its undersigned attorneys, hereby sues Defendants, DEPLOYED RESOURCES, LLC, a foreign limited liability company ("Deployed Resources"), RICHARD STAPLETON ("Stapleton"), ROBB NAPIOR ("Napior"), MICHAEL FRISCH ("Frisch"), JOHN DOE, and JANE DOE, and alleges the following:

### Nature of the Action

1.    This is an action for damages and other relief arising from Defendants' breach of contract, breach of partnership agreement, breach of joint venture agreement, unjust enrichment, services rendered, accounting, injunction, breach of fiduciary duty, fraudulent inducement, misappropriation of trade secrets, deceptive and unfair trade practices, Defendants' conspiracy with and among other persons or entities whose identity is unknown at this time, violation of the

Federal Racketeer Influenced and Corrupt Organizations Act and civil remedies for Criminal Practices Act.

2.      Defendants are in violation of contracts between Plaintiff and Defendants by Defendants failure to pay Plaintiff its proportional share of income, after Defendants received payment on contracts procured by Plaintiff approximating $100 million.

3.      Unlimited Resources provides emergency and disaster related resources and services on a for-hire and/or contract basis for third party persons and entities.  Such services include, but are not limited to, marketing, consultation, client identification, and contract procurement, by utilizing unique disaster expertise and professional relationships that Unlimited Resources, by and through its officers, have developed and carefully cultivated over their professional careers in both the private and public sectors (the "Emergency Disaster Contacts and Contracts").

4.      Deployed Resources constructs, operates, and provides life support facilities (Base Camps) and equipment during emergencies after it received and usurped the Emergency Disaster Contacts and Contracts for the financial benefit of Deployed Resources and the "Deployed Defendants" as defined herein.

## Parties

5.      Plaintiff, Unlimited Resources, is a corporation organized and existing under the laws of Florida, with its principal place of business located in Ponte Vedra Beach, St. Johns County, Florida.

6.      Defendant, Deployed Resources, is a limited liability company organized and existing under the laws of the State of New York, doing business in Florida as a foreign limited liability company.

7.      Defendant, Stapleton, is a managing member of Deployed Resources residing in Rome, Oneida County, New York.

8.      Defendant, Napior, is a managing member of Deployed Resources residing in Brookline, Hillsborough County, New Hampshire.

9.      Defendant, Frisch, is a managing member of Deployed Resources residing in Scotch Plains, New York. Stapleton, Napior and Frisch are collectively referred to as the "Members".

10.     Defendants, John Doe and Jane Doe, are individuals or entities whose identity and domicile are not yet known, but whose are believed to be conspiring with the Deployed Defendants.

11.     At all times material hereto, Deployed Resources has functioned as the alter ego and instrumentality of the Members, and other, yet to be identified but related, John Doe and Jane Doe persons and entities, being inadequately capitalized and formed for improper and illegal purpose including, but not limited to, tax avoidance, fraudulent transfer, income shelter, creditor avoidance, accounting frustration, and to commit the illegal and deceptive acts described herein.

12.     At all times material hereto, Deployed Resources and the Members, have acted in various combinations, on behalf of themselves, and on behalf of others, jointly and severally, individually and collectively, in disregard of corporate form and distinction, such that the act of one is the act of the others and vice versa (collectively the "Deployed Defendants").

### Jurisdiction and Venue

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as this is an action between citizens of different states for damages exceeding the sum of $75,000, exclusive of interest and costs, and for related equitable relief within the jurisdiction of this Court.

14.     At all times material hereto, Defendants Deployed Resources, Stapleton, Napior and Frisch conducted business within the geographical area comprising the federal Middle District of Florida, and as such this Court has personal jurisdiction over Deployed Resources, Stapleton, Napior, Frisch, John Doe and Jane Doe, pursuant to Fla. Stat. § 48.193(1)(a), (b), and (g).

15.     Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391, since the Defendants do business in Duval County, Florida and a substantial part of the events or omissions giving rise to the claim occurred in Duval County, Florida.

### General Allegations

16.     Prior to 2001, the Deployed Defendants were exclusively engaged in the procurement and provision of services related to large scale public and/or private music concerts and festivals.

17.     The Deployed Defendants wanted to expand business operations into the emergency disaster resource market but lacked the necessary contacts and expertise in order to accomplish this task.

18.     The Deployed Defendants engaged Unlimited Resources to provide the Deployed Defendants with the Emergency Disaster Contacts and Contracts based on the unique expertise and experience of Unlimited Resources that it acquired through 25 years of emergency disaster service work, by and through its president, Charles E. Johnson ("Johnson").

19.     Johnson worked in both the private and public sector providing and coordinating national emergency relief efforts and services on behalf of state and federal government entities, including but not limited to, the Department of Defense, the Federal Emergency Management Agency, the Department of Community Affairs, the Division of Emergency Management, and the National Red Cross, where he served as regional director and Red Cross officer for disaster operations.

20.    In connection with this work, Johnson received numerous accolades of professional achievement, multiple awards, personal recognition, and, for present purposes herein, developed numerous personal and professional friendships, contacts and a client base from which he built the Emergency Disaster Contacts and Contracts.

21.    In stark contrast, none of the Deployed Defendants had any emergency disaster expertise, contacts, licenses, or qualifications *of any kind* to procure contracts with federal agencies, state agencies, or the private sector.

22.    The Deployed Defendants engaged Unlimited Resources to identify clients, and aid in the procurement of emergency disaster contracts for the financial benefit of the Deployed Defendants, for which the Deployed Defendants represented, agreed, and promised that income derived there from, in all form and manner, or in any way related to the Emergency Disaster Contacts and Contract, would then and be forever shared with Unlimited Resources, who had an unrestricted right to request an accounting for the income received on an as-needed basis.

23.    In reliance thereupon, Unlimited Resources duly marketed the product and services of the Deployed Defendants using its extensive network of emergency contacts to obtain lucrative emergency disaster contracts approximating $100 million for the Deployed Defendants.

24.    Procurement of these contracts was only possible through the expertise, reputation, and professional contacts of Unlimited Resources, and particularly its president.

25.    At all times, Unlimited Resources reposed the highest level of fiduciary trust, duty, and honor to the Deployed Defendants in providing and obtaining the Emergency Contacts and Contracts, believing, albeit incorrectly, that the Deployed Defendants would honor their fiduciary duty by paying Unlimited Resources its proportional share of income.

26.    To date, the Deployed Defendants refuse to pay Unlimited Resources its proportional share of income, after receiving payment on contracts procured by Unlimited Resources approximating $100 million in violation of the party's agreements.

27.    Additionally, the Deployed Defendants refuse to provide accounting as to monies received, to which Unlimited Resources is duly entitled.

28.    All conditions precedent have been performed or have been waived.

29.    As a result of Defendants' tortuous and criminal conduct, Unlimited Resources has been required to retain the undersigned trial counsel to prosecute this claim, and it has agreed to pay such counsel a reasonable fee for their services.

## <u>COUNT I – BREACH OF CONTRACT</u>

30.    Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

31.    The Deployed Defendants engaged Unlimited Resources to provide the Emergency Disaster Contacts and Contracts to identify clients and procure emergency disaster contracts for the financial benefit of the Deployed Defendants and Unlimited Resources for which they orally agreed that all income derived there from of all form and manner, or in any way related to the Emergency Disaster Contacts and Contracts, would be shared with Unlimited Resources, who had an unrestricted right to request an accounting for the income received on an as-needed basis (the "Contract").

32.    At all times material hereto, the Deployed Defendants and Unlimited Resources were bound by the terms of the Contract and each party had a duty to comply.

33.     Unlimited Resources duly performed the Contract by marketing the product and services of the Deployed Defendants using its extensive network of emergency contacts to obtain lucrative emergency disaster contracts approximating $100 million for the Deployed Defendants.

34.     The procurement of these contracts was only possible through the expertise, reputation, and professional contacts of Unlimited Resources, by and through its president.

35.     Notwithstanding the terms of the Contract, the Deployed Defendants breached the Contract by refusing to pay Unlimited Resources its rightful share of all income derived there from of all form and manner, or in any way related to the Emergency Disaster Contacts and Contract.

36.     As a result of the breach, Unlimited Resources has been damaged.

        WHEREFORE, Unlimited Resources demands judgment for damages against the Deployed Defendants, together with interest, costs, and all other relief deemed just and proper.

## COUNT II – BREACH OF PARTNERSHIP AGREEMENT

37.     Unlimited Resources incorporates by reference paragraphs 1-29 and 34 as if fully set forth herein.

38.     The Deployed Defendants and Unlimited Resources agreed that if Unlimited Resources invested with the Deployed Defendants by providing its Emergency Disaster Contacts and Contracts to identify clients and procure emergency disaster contracts for the financial benefit of the Deployed Defendants, that Unlimited Resources, as legal, equitable, and/or de-facto co-owner, of the business of the Deployed Defendants, was entitled to receive and fully share all income derived there from of all form and manner, or in any way related to the Emergency Disaster Contacts and Contracts (the "Partnership Agreement").

39.     At all times material hereto, the Deployed Defendants and Unlimited Resources were bound by the terms of the Partnership Agreement and each party had a duty to comply.

40.     Unlimited Resources duly executed its obligations under the Partnership Agreement by marketing the product and services of the Deployed Defendants using its extensive network of emergency contacts to obtain lucrative emergency disaster contracts approximating $100 million for the Deployed Defendants.

41.     Notwithstanding Unlimited Resources' performance, the Deployment Defendants breached the Partnership Agreement by refusing to pay Unlimited Resources its rightful share of income derived there from of all form and manner, or in any way related to the Emergency Disaster Contacts and Contracts.

42.     This breach was done willfully, wantonly, and maliciously, for the sole purpose of inequitably denying Unlimited Resources its rightful share of income.

43.     As a result of this breach, Unlimited Resources has been damaged.

    WHEREFORE, Unlimited Resources demands judgment for damages, against the Deployed Defendants, together with interest, costs, and all other relief deemed just and proper.

## COUNT III – BREACH OF JOINT VENTURE AGREEMENT

44.     Unlimited Resources incorporates by reference paragraphs 1-29 and 34 as if fully set forth herein.

45.     The Deployed Defendants and Unlimited Resources agreed that if Unlimited Resources invested with the Deployed Defendants by providing its emergency disaster contacts to identify initial clients and procure initial emergency disaster contracts for the financial benefit of the Deployed Defendants, that Unlimited Resources was entitled to receive and fully share all

income derived from these initial contracts there from of all form and manner, or in any way related to initial contracts (the "Joint Venture Agreement").

46.    At all times material hereto, the Deployed Defendants and Unlimited Resources were bound by the terms of the Joint Venture Agreement and each party had a duty to comply.

47.    Unlimited Resources duly executed its obligations under the Joint Venture Agreement by marketing the product and services of the Deployed Defendants using its extensive network of emergency contacts to obtain initial lucrative emergency disaster contracts approximating $100 million for the Deployed Defendants.

48.    Notwithstanding Unlimited Resources' performance, the Deployed Defendants breached the Joint Venture Agreement by refusing to pay Unlimited Resources its rightful share of income derived there from of all form and manner, or in any way related to the initial contracts.

49.    As a result of the breach, Unlimited Resources has been damaged.

WHEREFORE, Unlimited Resources demands judgment for damages against the Deployed Defendants, together with interest, costs, and all other relief deemed just and proper.

## COUNT IV – UNJUST ENRICHMENT

50.    Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

51.    The Deployed Defendants received a benefit from the services Unlimited Resources provided.

52.    The Deployed Defendants requested the benefit, or knowingly and voluntarily accepted it, by accepting Unlimited Resources services.

53.    The Deployed Defendants failed to compensate Unlimited Resources for its services.

54.     The benefit referenced above flowed to the Deployed Defendants and, under the circumstances; it would be inequitable for the Deployed Defendants to retain the benefit without paying the value thereof.

WHEREFORE, Plaintiff demands judgment for damages, including any multipliers permitted, against the Deployed Defendants, together with interest, costs, and all other relief deemed just and proper.

## COUNT V – SERVICES RENDERED

55.     Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

56.     Unlimited Resources rendered the service of accessing its emergency disaster contacts to identify clients and procure emergency disaster contracts for the financial benefit of the Deployed Defendants.

57.     For rendering this service, the Deployed Defendants owe Unlimited Resources, pursuant to their agreement, a percentage of income derived there from of all form and manner, or in any way related to the Emergency Disaster Contacts and Contracts.

WHEREFORE, Plaintiff demands judgment for damages against the Deployed Defendants, together with interest, costs, attorney's fees, and all other relief deemed just and proper.

## COUNT VI – ACCOUNTING

58.     Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

59.    Pursuant to the Contract, Unlimited Resources has a right to full accounting to ascertain the total income received from the Deployed Defendants from which it is entitled to pay its full share.

60.    The Deployed Defendants have secreted, hidden, and wasted away monies belonging to Unlimited Resources that were earned based on the Emergency Disaster Contacts and Contracts but never paid Unlimited Resources and have procured additional contracts and payments streams based on the Emergency Disaster Contact and Contracts.

61.    The Deployed Defendants will squander all monies received from the Emergency Disaster Contacts and Contracts unless all manner of funds, accounts, payment streams, and contracts be placed in receivership and all contract payments attached and liened pending resolution hereof.

62.    Because the Deployed Defendants failed to comply with their obligations to pay Unlimited Resources its share of the profits, Unlimited Resources requests an accounting.

WHEREFORE, Plaintiff demands judgment for a full accounting from the Deployed Defendants, that all monies and accounts be frozen and placed in receivership, and all contract payments be attached and liened, plus damages and other relief as this Court deems just and proper.

## COUNT VII – BREACH OF FIDUCIARY DUTY

63.    Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

64.    Unlimited Resources reposed the highest level of fiduciary trust, duty, and honor to the Deployed Defendants in providing and obtaining the Emergency Contacts and Contracts; believing, albeit, incorrectly, that the Deployed Defendants would honor the fiduciary duty by

paying Unlimited Resources its proportional share of any received income (the "Fiduciary Duty").

65.     The procurement of these contracts was only possible through the expertise, reputation, and professional contacts of Unlimited Resources, by and through Johnson.

66.     Additionally, the Deployed Defendants, as part of the Fiduciary Duty, owed Unlimited Resources a duty of care to refrain from intentional misconduct.

67.     The Deployed Defendants breached the Fiduciary Duty owed to Unlimited Resources by refusing to pay Unlimited Resources its rightful share of all income derived there from of all form and manner, or in any way related to the Emergency Disaster Contacts and Contracts.

68.     This breach was done willfully, wantonly, and maliciously, for the sole purpose of inequitably denying Unlimited Resources its rightful share of income.

69.     As a result of the breach, Unlimited Resources has been damaged.

        WHEREFORE, Unlimited Resources demands judgment for damages, including punitive damages, against the Deployed Defendants together with interest, costs, attorney's fees, and all other relief deemed just and proper.

## COUNT VIII – FRAUDULENT INDUCEMENT

70.     Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

71.     Deployed Defendants represented to Unlimited Resources that if Unlimited Resources invested with the Deployed Defendants by providing its emergency disaster contacts to identify clients and procure emergency disaster contracts for the financial benefit of the Deployed Defendants, that Unlimited Resources was entitled to receive and fully share all income derived

there from of all form and manner, or in any way related to the Emergency Disaster Contacts and Contracts.

72.    This representation was a misrepresentation of a material fact, in that the Deployed Defendants knew that at no time did they intend to pay Unlimited Resources its rightful share of the income ("the Misrepresentation").

73.    Due to the Fiduciary Duty the Deployed Defendants owed to Unlimited Resources, the Deployed Defendants had a duty to disclose the Misrepresentation to Unlimited Resources.

74.    The Deployed Defendants failed to disclose the Misrepresentation, as it was done willfully, wantonly, and maliciously, for the sole purpose of inducing the Plaintiff's reliance upon the Misrepresentation, and thus provide the Deployed Defendants with access to its Emergency Disaster Contacts and Contracts.

75.    Based upon the Misrepresentation, Unlimited Resources actually relied upon the Misrepresentation, and based upon the Misrepresentation, entered into an agreement (whether the agreement sounds in contract, quasi-contract, partnership agreement, or joint venture agreement) with the Deployed Defendants to market the product and services of the Deployed Defendants using its extensive network of emergency contacts to obtain lucrative emergency disaster contracts approximating $100 million for the Deployed Defendants.

76.    The procurement of these contracts was only possible through the expertise, reputation, and professional contacts of Unlimited Resources, by and through Johnson.

77.    Notwithstanding Unlimited Resource's performance, the Deployed Defendants breached the agreement by refusing to pay Unlimited Resources its rightful share of income derived there from of all form and manner, or in any way related to the initial contracts.

78.    This breach was done willfully, wantonly, and maliciously, for the sole purpose of inequitably denying unlimited Resources its rightful share of income.

79.    As a result of the breach, Unlimited Resources has been damaged.

WHEREFORE, Unlimited Resources demands judgment for damages, including punitive damages, against the Deployed Defendants, together with interest, costs, and all other relief deemed just and proper.

## COUNT IX – MISAPPROPRIATION OF TRADE SECRETS

80.    Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

81.    This is an action brought under Fla. Stat. § 688.001 *et seq*, the Uniform Trade Secrets Act.

82.    Unlimited Resources is a "person" within the meaning of Fla. Stat. § 688.022(3).

83.    The Deployed Defendants are "persons" within the meaning of Fla. Stat. § 688.022(3).

84.    The Emergency Disaster Contacts and Contracts are "trade secrets" within the meaning of Fla. Stat. § 688.022(4).

85.    The Deployed Defendants, due to their fiduciary relationship with Unlimited Resources, were privy to Unlimited Resources' Emergency Disaster Contacts and Contracts.

86.    Unlimited Resources took all reasonable steps to protect the secrecy of its Emergency Disaster Contacts and Contracts.

87.    The Defendants acquired Plaintiff's trade secrets and Defendants knew or had reason to know that Defendants were to maintain their secrecy and to refrain from using the information to obtain contracts without providing Unlimited Resources its rightful share of the income.

88.    The harm to Unlimited Resources is irreparable and continuing.

89.     By failing to justly compensate Unlimited Resources, the Deployed Defendants misappropriated, by improper means, the Emergency Disaster Contacts and Contracts.

90.     This misappropriation was done willfully, wantonly, and maliciously, for the sole purpose of inequitably denying Unlimited Resources its rightful share of income.

91.     As a result of this misappropriation, Unlimited Resources was damaged.

WHEREFORE, Unlimited Resources demands judgment for damages, including punitive damages, against the Deployed Defendants, together with interest, costs, attorney's fees pursuant to Fla. Stat. § 688.005, and all other relief deemed just and proper.

**COUNT X**
**THEFT OF TRADE SECRETS**
**AGAINST DEPLOYED DEFENDANTS - INJUNCTION**

92.     Plaintiff realleges paragraphs 1 through 29 above as if fully set forth herein.

93.     This is an action under Florida Statutes § 688.003.

94.     Deployed Defendants acquired Plaintiff's trade secrets by improper means.

95.     Unlimited Resources is entitled to an injunction enjoining any further misappropriation, and further, mandating the return of all trade secrets.

96.     Much of Unlimited Resources damages are irreparable in nature and cannot be compensated with money damages.

97.     Unlimited Resources has no adequate remedy at law.

WHEREFORE, Plaintiff requests an injunction mandating the return of all improperly acquired trade secrets, enjoining Defendants' further misappropriation of Plaintiff's trade secrets, and an award of attorneys' fees and costs.

## COUNT XI – DECEPTIVE AND UNFAIR TRADE PRACTICES

98.     Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

99.     This is an action brought under Fla. Stat. § 501.201 *et seq*, the Florida Deceptive and Unfair Trade Practices Act.

100.    Unlimited Resources is an "interested party or person" within the meaning of Fla. Stat. § 501.203(6).

101.    By failing to justly compensate Unlimited Resources, the Deployed Defendants misappropriated, by improper means, the Emergency Disaster Contacts and Contracts.

102.    The misappropriation of the Emergency Disaster Contacts and Contracts was both unfair and deceptive.

103.    This misappropriation was done willfully, wantonly, and maliciously, for the sole purpose of inequitably denying Unlimited Resources its rightful share of income.

104.    As a result of this misappropriation, Unlimited Resources was damaged.

        WHEREFORE, Unlimited Resources demands judgment for damages against the Deployed Defendants, together with interest, costs, attorney's fees, and all other relief deemed just and proper.

## COUNT XII TORTUOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

105.    Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

106.    Unlimited Resources and the Deployed Defendants were engaged in a business relationship.

107.    As an active participant in this relationship, the Deployed Defendants had knowledge of the relationship.

108.    The Deployed Defendants profited from access to Unlimited Resources Emergency Disaster Contacts and Contracts, in that the Deployed Defendants identified clients and procured emergency disaster contracts for their financial benefit.

109.    The procurement of these contracts was only possible through the expertise, reputation, and professional contacts of Unlimited Resources, by and through Johnson.

110.    By engaging in such profit without justly compensating Unlimited Resources, the Deployed Defendants intentionally and unjustly interfered with the business relationship.

111.    As a result of this interference, Unlimited Resources was damaged.

WHEREFORE, Plaintiff demands judgment for damages against the Deployed Defendants, together with interest, costs, attorney's fees, and all other relief deemed just and proper.

### COUNT XIII – FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

112.    Unlimited Resources incorporates by reference paragraphs 1-29 as if fully set forth herein.

113.    This is an action brought under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (The "RICO Act").

114.    Unlimited Resources is a "person" within the meaning of 18 U.S.C. § 1961(3).

115.    The Defendants are all "persons" within the meaning of 18 U.S.C. § 1961(3).

116.    At all times material hereto, the Defendants operated an "enterprise" within the meaning of 18 U.S.C. § 1961(4), as they were a group of individuals and entities associated in fact for the purpose of engaging in a systematic scheme to steal millions of dollars from Unlimited

Resources through the use of mail and wire fraud, and to engage in theft to accomplish the goals of the enterprise.

117.    The Defendants willfully and knowingly conspired among themselves and with others within the meaning of 18 U.S.C. § 1962(d), to participate in the affairs of the aforesaid enterprise through a pattern of racketeering activity and violation of Section 1962(c), and willfully and knowingly conspired among themselves and with others to receive income derived from a pattern of racketeering activity to enrich themselves personally and/or to use or invest the income, directly or indirectly, to establish or operate an enterprise within the meaning of 18 U.S.C. § 1961(4) that engaged in interstate commerce, all in violation of Section 1962(a).

118.    The Defendants also participated in a pattern of racketeering activity in violation of Section 1962(c) and received income derived from the pattern of racketeering activity and used that income in violation of Section 1962(a).

119.    In order to effect the objective of the aforesaid enterprise and pattern of racketeering activity, the Defendants committed numerous violations of Section 18 U.S.C. § 1343, which prohibits the use of wire communications in interstate and foreign commerce in furtherance of schemes and artifices to defraud, and of 18 U.S.C. § 2314, which prohibits the transmittal in interstate and foreign commerce of money taken by fraud.

120.    In violation of 18 U.S.C. § 1343, the Defendants committed numerous acts of wire fraud in connection with the agreement they entered into with Unlimited Resources.

121.    The Defendants overt acts of racketeering occurred in a pattern designed to effectuate the intent and purposes of the Deployed Defendants.

122.    The Defendants have transmitted money obtained by fraud in interstate and foreign commerce numerous times.

123.    In violation of 18 U.S.C. § 1956(a)(1), the Defendants knowingly, willfully and intentionally did conduct, cause to be conducted, and aided and abetted others in conducting, various financial transactions, knowing that the money involved in each transaction represented the proceeds of some sort of unlawful activity and with the intent of carrying on such unlawful activity and/or knowing that each financial transaction was designed, in whole or in part, to conceal or disguise from Unlimited Resources the nature, the location, the source, the ownership, or the control of the proceeds of the fraudulent activity.  Each financial transaction, in fact, involved the use of one or more financial institutions engaged in and/or the activities of which affect interstate and foreign commerce.  Each financial transaction involved the proceeds of specified unlawful activity, including but not limited to the wire fraud described above.

124.    In violation of 18 U.S.C. § 1957, the Defendants knowingly, unlawfully and willfully engaged, caused to be engaged, or aided and abetted others in engaging in monetary transactions in criminally derived property of a value greater than $10,000.00, knowing that the property involved in each monetary transaction constituted, or was derived from, proceeds obtained from some criminal offense.  The property involved in each monetary transaction was, in fact, derived from specified unlawful activity, including but not limited to, the wire fraud described above.

125.    In violation of 18 U.S.C. § 2314, the Defendants knowingly, willfully and intentionally did transmit or transfer, cause to be transmitted or transferred, and aided and aided and abetted others in transmitting and transferring in interstate and foreign commerce, money in excess of $5,000.00, knowing that the money involved in each transaction had been taken by fraud, and each transmittal or transfer did, in fact, involve money taken by fraud.

126.    At all times material hereto, the Defendants knowingly, willfully and unlawfully conspired within the meaning of 18 U.S.C. § 1962(d) to:

A.      Participate in an enterprise through a pattern of racketeering activity in violation of Section 1962(c);

B.      To receive income derived from a pattern of racketeering activity and invest or use that income in an enterprise within the meaning of 18 U.S.C. § 1961(4) that engaged in interstate commerce in violation of Section 1962(a).

127.    Plaintiff and other victims' injuries flow directly from the use of wire communications by the Defendants.

128.    Upon information and belief, the Defendants used the income derived from their aforesaid pattern of racketeering activity to enrich themselves.

129.    As a direct and proximate result of the aforesaid violations of 18 U.S.C. § 1961, *et seq*, described herein, Unlimited Resources suffered damages.

WHEREFORE, Plaintiff demands judgment for damages, including any multiples of damages permitted, against the Defendants, together with interest, costs, attorney's fees, and all other relief deemed just and proper

## COUNT XIV – VIOLATION OF FLORIDA CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT

130.    Unlimited Resources incorporates by reference paragraphs 1-29 and 30-129 as if fully set forth herein.

131.    This is an action for violation of Fla. Stat. § 772.104, the "Civil Remedies for Criminal Practices Act," including Defendants' commission, attempt, or conspiracy to commit crimes under 18 U.S.C. § 1961 (RICO), by way of violations of 18 U.S.C. §§1341 and 1343.

132.    The Deployed Defendants, through innumerable combinations, have continually violated Fla. Stat. § 772.103(3) by accessing the Emergency Disaster Contacts and Contracts of Unlimited Resources without providing just compensation.

133.    The Deployed Defendants engaged in a pattern of criminal activity defined by Fla. Stat. § 772.103.

134.    Defendant, Deployed Resources, is an enterprise as defined by Fla. Stat. § 772.103, and collectively, Defendants, as an association of principals and agents formed an enterprise under Fla. Stat. § 772.103.

135.    The Deployed Defendants, through innumerable combinations, have violated Fla. Stat. § 772.103(4) by conspiring to access the Emergency Disaster Contacts and Contracts of Unlimited Resources without providing just compensation.

136.    As a proximate cause of the Defendants' criminal activities, Unlimited Resources, has been damaged.

WHEREFORE, Plaintiff demands judgment for damages, including any multiples of damages permitted, against the Deployed Defendants, together with interest, costs, attorney's fees, and all other relief deemed just and proper.

## COUNT XV – CIVIL CONSPIRACY

137.    Unlimited Resources incorporates by reference paragraphs 1-29 and 30-136 as if fully set forth herein.

138.    All Defendants, by their common design, agreed and conspired among themselves, to engage in the wrongful conduct set forth in Counts I through XIV of this Complaint.

139.    Defendants consist of two or more persons, as described in this Complaint.

140.    Defendants, in innumerable combinations, conspired to do unlawful acts including, but not limited to, tax avoidance, fraudulent transfer, income shelter, creditor avoidance, accounting frustration, fraudulent inducement, tortuous interference with business transactions, and breach of contract.

141.    Defendants committed the misrepresentations, and tortuous and criminal acts herein alleged pursuant to, and in furtherance of, this conspiracy.

142.    As a proximate result of the Defendants' malicious and unlawful actions, and their agreements and conspiracy to commit such actions, Unlimited Resources has suffered and will continue to suffer damages in an amount to be proven at trial.

143.    Additionally, in engaging in the aforesaid course of conduct, Defendants have acted with fraud, oppression and malice, and Unlimited Resources is therefore entitled to recover punitive damages in an amount to be proven at trial.

WHEREFORE, Unlimited Resources demands judgment against the Defendants for damages, punitive damages, interest, costs, and all other relief this Court deems just and proper.

### JURY DEMAND

Plaintiff, Unlimited Resources, demands trial by jury on all issues so triable.

,

/s/ Daniel A. Nicholas
DANIEL A. NICHOLAS, ESQ.
Fla. Bar No. 847755
BROAD AND CASSEL
100 N. Tampa Street,
Suite 3500
Tampa, Florida 33602
Phone: (813) 225-3020
Fax: (813) 225-3039
dnicholas@broadandcassel.com
TRIAL COUNSEL FOR PLAINTIFF