UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

       Plaintiff,

vs.                                   Case No.  3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; RICHARD
STAPLETON; ROBB NAPIOR; MICHAEL
FRISCH; JOHN DOE; and JANE DOE,
currently unknown individuals or entities,

       Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 21) filed July 14, 2008.  Plaintiff filed a response in opposition to this Motion on August 4, 2008.  (Doc. 29).  Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

On October 11, 2007, Plaintiff filed a fifteen count Complaint alleging it had verbal contracts with the Defendants whereby it would use its contacts and industry expertise to obtain state, federal and military disaster relief contracts for the Defendants. (Doc. 1, Doc. 29, p.2).  Plaintiff contends that as a result of its efforts, Defendants obtained several contracts for which Defendants were paid or will be paid in the future and that Defendants intentionally failed to disclose the number and content of the contracts they obtained as a result of Plaintiff's efforts.  (Doc. 29, pp. 2-3).

On April 8, 2008, Defendant, Deployed Resources, LLC, served Plaintiff with its first set of Requests for Production of Documents and Interrogatories. The parties agreed Plaintiff would produce its responses by May 23, 2008. Plaintiff did not produce documents responsive to the Requests for Production of Documents and Defendants did not believe the responses to the Interrogatories were adequate. Accordingly, on July 14, 2008, Defendants filed the instant motion asking the Court to compel Plaintiff to provide a response to the Requests for Production of Documents and to supplement its responses to the Interrogatories (Doc. 21). Upon review of the Motion, the Court directed the parties to confer in an attempt to resolve their disputes concerning the discovery requests and to either file a notice indicating the disputes had been resolved or Plaintiff was to file a response to the Motion to Compel. (Doc. 23). On July 22, 2008, Plaintiff filed a Notice indicating that it had agreed to supplement its responses and that Defendants would review and advise whether they believed the additional material was responsive to the issues raised in the Motion to Compel. (Doc. 26). Thereafter, on July 30, 2008, Defendants filed a Notice informing the Court of the issues remaining with respect to the Motion to Compel. (Doc. 28). The Court will now address the issues listed in this Notice.

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders

will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant motion, Defendants argue Plaintiff's responses to its Requests for Production of Documents and Interrogatories are deficient. The Court will address each of Defendants' contentions separately.

### A. Defendants' Requests for Production of Documents

With respect to the Requests for Production of Documents, Defendants raise two concerns. First, Defendants argue Plaintiff's response does not comply with Rule 34 of the Federal Rules of Civil Procedure because Plaintiff simply produced documents without specifying the documents responsive to each request. Second, Defendants note that Plaintiff indicated some responsive documents were in the possession of state and federal agencies without specifying which state and federal agencies.

In response to Defendants' first argument, Plaintiff pointed out that Rule 34(b) provides, "[a] party must produce documents as they are kept in the usual course of

business **or** must organize and label them to correspond to the categories in the request." Rule 34(b)(1)(E)(i), Fed.R.Civ.P. (emphasis added); Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 462 (M.D. Ala. 2001) (stating, "under Rule 34, it is up to the producing party to decide how it will produce its records, provided that the records have not been maintained in bad faith."). As there is no allegation Plaintiff maintained any records in bad faith, Defendants' complaints regarding the manner in which the documents were produced is without merit. The Middle District Handbook on Discovery Practice also addresses this issue:

> If the documents are produced as they are kept in the usual course of business, the producing party has an obligation to explain the general scheme of record-keeping to the inspecting party. The objective is to acquaint the inspecting party generally with how and where the documents are maintained.

Middle District Discovery (2001) at 13. Therefore, to the extent it has not done so, Plaintiff is directed to provide an explanation of its general scheme of record-keeping to Defendants no later than **Friday, August 29, 2008**.

As for Plaintiff's response that some responsive documents are in the possession of state and federal agencies, the Court agrees with Defendants that a more specific response is necessary. Plaintiff is directed to provide Defendants with the name of any agency it believes has responsive documents no later than **Friday, August 29, 2008**.

### B.     Defendants' Interrogatories

Defendants also have several concerns regarding Plaintiff's responses to its interrogatories. Defendants first argue that Plaintiff has failed to verify its responses. Plaintiff did not address this concern in its response. The Court directs Plaintiff to provide a verification of the responses to the Interrogatories no later than **Friday, August 29, 2008**.

Next, Defendants point to Plaintiff's responses to three specific interrogatories as being insufficient.[1] First, Defendants contend Plaintiff's response to Interrogatory No. 2 is inadequate. This Interrogatory asked Plaintiff to "list all emergency disaster contacts and contracts which are the subject of this lawsuit that you claim you procured for Defendants, and the dollar value of each." (Doc. 21, p.31). With respect to the contacts at issue, Plaintiff stated: "[t]he 'contacts' would be the parties that are listed in Plaintiff's 'Initial Rule 26 Disclosures' and those identified in documents that have been or can be produced herein through discovery or public information request." (Doc. 28, p.13). The Court agrees that this response is insufficient. While the Court does not have a copy of Plaintiff's Rule 26 disclosures, such disclosures are to include all individuals with discoverable information. Surely, that list includes individuals who are not the "contacts" at issue in this litigation. Accordingly, Plaintiff shall provide a supplemental response to

---

[1] In responding to Defendants' Notice of Remaining Issues of Defendants' Motion to Compel (Doc. 28), Plaintiff points out that Defendants failed to comply with Local Rule 3.04(a), which requires a motion to compel to quote in full the interrogatory as well as the response at issue. Plaintiff is correct. Defendants have already been advised of the importance of following the Local Rules (See Order granting Leave to File Reply Doc. 32). Any future failure to comply with the Local Rules will result in the Motion or other filing being denied or stricken.

Interrogatory No. 2 in which Plaintiff lists any contacts Plaintiff contends are at issue in this litigation. Plaintiff shall provide this supplemental response no later than **Friday, August 29, 2008**.

As for the contracts at issue, Plaintiff listed four specific business relationships or contracts and approximate dollar values. (Doc. 28, pp. 13-14). Additionally, Plaintiff listed relationships or contracts for Ft. Stewart, Ft. Drum and all "Department of Defense and Emergency Response contracts and business relationships showing on www.deployedresources.com." (Doc. 28, p.14). Defendants argue Plaintiff did not identify the specific dates of the contracts or the contract numbers. The Court is not persuaded by this argument. The interrogatory did not ask for the specific dates or contract numbers. The Court believes Plaintiff's response to this interrogatory (with respect to the contracts at issue) is sufficient.

In its response to Interrogatory No. 2, Plaintiff further stated: "[p]ursuant to Rule 26(e) I understand I have an ongoing obligation to supplement or correct my disclosures. As discovery continues, I will fine-tune these responses in a timely manner." Id. Plaintiff submits that much of the evidence it will need to support its claims are in the possession of Defendants and other third-parties (presumably those entities with whom Defendants contracted). The Court reminds Plaintiff of the importance of ensuring it produces any subsequently obtained responsive documents to Defendants. Failure to do so could result in Plaintiff being barred from using the documents at trial.

Defendants also take issue with Plaintiff's response to Interrogatory No. 3. This interrogatory asked Plaintiff to "itemize the amounts of any and all other damages you are claiming in this lawsuit, and any other relief other than damages." (Doc. 28, p.14). In its response, Plaintiff explained that because it had never received an accounting from Defendants, it was not certain of the exact amount of money it was owed. Plaintiff, however, did provide an approximation based on the information it currently had. Defendants complain that the damages are not itemized and that Plaintiff failed to "specify the exact amount of damages for which contracts." (Doc. 28, p.6). Given the nature of this case and Plaintiff's contention that Defendants are in possession of much of the information regarding damages, the Court believes Plaintiff's response is reasonable at this time. Counsel for Plaintiff is once again reminded of his obligation to supplement the response to this interrogatory as required by Rule 26(e).

Finally, Defendants argue Plaintiff's response to Interrogatory No. 4 is also insufficient. This interrogatory sought "the names and addresses of all persons who . . . have knowledge concerning any of the issues in this lawsuit, and [] the subject matter upon which the witness has knowledge." (Doc. 28, p.15). Defendants complain Plaintiff did not include the addresses, phone numbers or scope of knowledge for any of the individuals listed. Additionally, Defendants point out that three of the individuals listed are the former/current heads of FEMA but no information is listed about their knowledge of the issues in this lawsuit. Defendants also note that five corporations/agencies are listed but Plaintiff did not provide the name of any individual at the corporation/agency with knowledge.

Plaintiff responds by pointing out that it provided the contact information for the individuals listed in its Rule 26(a) disclosures. The Court accepts Plaintiff's representations and finds that this is sufficient. Defendants can obtain the contact information by referring to Plaintiff's Rule 26(a) disclosures. As for the former/current heads of FEMA, Plaintiff's response does indeed state the subject matter of their knowledge. The response states that the FEMA officials have "knowledge on the same subject matter as the federal officials listed above." (Doc. 28, p.16). The "federal officers listed above" were identified as having knowledge of:

> Hurricanes Charley, Francis, Ivan, Jeannie, and Katrina, and federal response and contracts relating thereto, including federal contract directly with Clearbrook, federal contract directly with Deployed, and federal contract with Comfort Zone, which were obtained because of the Plaintiff.

(Doc. 28, p.15). The Court finds this description of the FEMA officials' knowledge to be sufficient.

As for Defendants' contention regarding the five corporations/agencies listed, the Court agrees that Plaintiff should provide the name of an individual there with knowledge if Plaintiff is aware of such an individual. If Plaintiff has such knowledge, it shall provide the names and contact information no later than **Friday, August 29, 2008**. If Plaintiff does not have such information, it must provide supplemental information as such is obtained pursuant to Rule 26(e).

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Compel (Doc. 21) is **GRANTED in part and DENIED in part** as stated in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  18th  day of August, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record