UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

    Plaintiff,

vs.                                             Case No. 3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; RICHARD
STAPLETON; ROBB NAPIOR; MICHAEL
FRISCH; JOHN DOE; and JANE DOE,
currently unknown individuals or entities,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 53) filed December 19, 2008. Defendants filed a response in opposition to this Motion on January 12, 2009.[1] (Doc. 59). On January 16, 2009, Defendants filed a motion seeking leave to file a supplemental response to the Motion to Compel (Doc. 60) to inform the Court of developments as a result of their deposition of Plaintiff's corporate representative. The Court permitted this and Defendant filed the supplemental response on January 23, 2009. (Doc. 64). The Court also allowed Plaintiff to file a

---

[1] Also on January 12, 2009, Defendants filed a Request for Oral Argument (Doc. 58) asking the Court to permit oral argument on Plaintiff's Motion to Compel. Because the Court believes it can rule on the issues in Plaintiff's Motion to Compel based on the parties' written submissions, it will deny Defendants' request for oral argument.

-1-

reply, which Plaintiff did on January 27, 2009. (Doc. 65). Accordingly, the matter is now ripe for judicial review.

## I. **BACKGROUND**

On October 11, 2007, Plaintiff filed a fifteen count Complaint alleging it had verbal contracts with the Defendants whereby it would use its contacts and industry expertise in emergency disaster relief to obtain state, federal and military disaster relief contracts for the Defendants. (Doc. 1). Plaintiff contends that as a result of its efforts, Defendants obtained several contracts for which Defendants were paid or will be paid in the future and that Defendants intentionally failed to disclose the number and content of the contracts they obtained as a result of Plaintiff's efforts. Id.

On July 31, 2008, Plaintiff served its initial discovery requests on Defendants. Defendants objected to these discovery requests and on November 20, 2008, the undersigned conducted a status conference with the parties to discuss discovery issues. During that hearing, the undersigned directed the parties to conduct a conference to resolve as much discovery issues as possible and to attempt to resolve their disputes regarding Plaintiff's discovery requests. Indeed, in the Order entered November 21, 2008, the Court reminded Plaintiff that it would not require Defendants to respond to discovery requests which were overly broad, unduly burdensome or sought irrelevant information. (Doc. 46). The Court also reminded Defendants that if they intended to argue a request was unduly burdensome or sought privileged information, they were required to make an adequate showing to support such a position. Id.

Apparently the parties conducted their conference and were able to resolve many of their disputes. Plaintiff filed the instant Motion to seek the Court's assistance in resolving the remaining disputes.

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant motion, Plaintiff argues Defendants' responses to both its Requests for Production of Documents and Interrogatories are deficient.

**A.      Plaintiff's Requests for Production of Documents**

In their response to the instant motion, Defendants raise three main arguments as to why they should not be required to produce additional documents.  First,

Defendants argue they should not be ordered to produce documents regarding military contracts because the work performed on those contracts was not emergency disaster work and is therefore, not relevant in the instant litigation.  Next, Defendants contend they should not be required to produce documents regarding several other contracts because Plaintiff has not shown it assisted in the procurement of those contracts.  Finally, Defendants believe they should not have to produce documents relating to an accounting because the issue of the right to an accounting has not yet been determined.

    **1.**    <u>**Documents Relating to Military Contracts**</u>

Plaintiff's Document Requests Numbers 4, 5, 6, 7 and 8 seek production of documents relating to Defendant's contract to perform work at various military bases (Camp Shelby, Mississippi; Gila Ben Air Force Base, Arizona; Fort Hill, Virginia; and Fort Bragg, North Carolina).  Defendant objected to producing the documents on the basis of relevance and claimed the requests were overly broad, burdensome, oppressive, and sought proprietary business information.  However, in their response to the instant motion, Defendants seem to limit their objection to relevance.  Defendants argue that the allegations in Plaintiff's Complaint "are limited [to] its alleged procurement [of] 'emergency disaster' work" and the work performed by Defendant on the contracts at issue did not involve emergency disaster work.  (Doc. 59, pp. 10-11).  The Court has reviewed the Complaint and agrees with Defendants that the allegations appear to be limited to "emergency disaster contracts."  (Doc. 1, p.5).  As such, based on the assertions made by counsel for Defendants, as officers of the Court, that work

performed at the referenced military bases was not "emergency disaster work," the Court finds Plaintiff's Motion to Compel is denied with respect to Document Requests Numbers 4, 5, 6, 7 and 8.

### 2. Documents Relating to Other Contracts

Plaintiff also seeks documents regarding work Defendants performed for Clearbrook, Comfort Zone, FEMA, the Florida Department of Emergency Management, Garner Environmental, PBS&J and for work performed regarding Hurricanes Katrina, Wilma, Ivan and Charley. (Document Requests Numbers 9, 22, 43, and 53). Additionally, Plaintiff seeks documents reflecting any relationship Defendants had with Clearbrook and PSB&J both prior to and after Hurricane Katrina. (Document Requests Numbers 58 and 59). Defendants argue they should not be required to produce these documents because Plaintiff has not sufficiently shown it helped Defendants procure said contracts. The Court assumes Defendants concede that the work performed for these entities was "emergency disaster work" as such an objection was not made. Defendants' argument is simply that Plaintiff has not shown it helped procure these contracts and therefore, they should not be required to produce the requested documents.

When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad

disclosure. Stelor Productions, Inc. v. Google, Inc., 2008 WL 4218107 *2 (S.D. Fla. 2008) (citing Scott v. Leavenworth Unified School Dist. No. 453, 190 F.R.D. 583, 585 (D. Kan.1999)). Rule 26(b) (1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter ... that is relevant to the claim or defense of any party." Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

Against this backdrop, the Court will examine Defendant's arguments. As noted above, Defendant has the burden to show that the discovery sought is not relevant. This discovery appears relevant on its face. Plaintiff claims it procured the contracts for Defendant and Defendant disputes this claim. However, Defendants' argument that Plaintiff's claims regarding this work is somehow legally insufficient is not enough to preclude discovery. Instead, Defendants' arguments regarding the issue of procurement are more appropriate for a dispositive motion. Indeed, in Central Georgia Anesthesia Services, P.C. v. Equitable Life Assur. Soc., 2007 WL 2128184 *2 (M.D. Ga. 2007), the court rejected a defendant's objection to discovery that the plaintiff's bad faith

claim was not viable, and therefore, the defendant was not required to produce discovery. The court stated:

> Defendants' first argument-that Plaintiff's bad faith claim is legally inviable-is not properly before the Court at this stage of the proceedings. Legal sufficiency of Plaintiff's claim is an argument more appropriately made in a dispositive motion.

Id. The court stated it was "unwilling to look into the merits of Plaintiff's bad faith claim without the benefit of briefing from both parties." Id. Likewise, the undersigned believes Defendants' arguments regarding the term "procurement" are best left to a dispositive motion and the Court will not prevent discovery on this ground.

Additionally, Defendant did not argue, much less show that the requested discovery "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Stelor Productions, Inc., 2008 WL 4218107 at *2. Accordingly, Plaintiff's Motion to Compel with respect to Document Requests Numbers 9, 22, 43, 53, 58 and 59 is granted.

### 3. Documents Relating to an Accounting

Plaintiff also seeks documents showing "all monies" Defendants earned regarding Clearbrook, LLC and in connection with Hurricanes Katrina, Wilma, Ivan and Charley (Document Requests Numbers 20, 21 and 49). Defendants object to producing this information on the grounds that it is a premature attempt by Plaintiff to obtain an accounting before that issue has been decided by the Court. (Doc. 59, p.14). To support this claim, Defendants cite David v. Tansill, 297 So.2d 84, 86 (Fla. 4th DCA. 1974). In that case, the court cited the Florida Supreme Court's decision in Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956), which concluded that discovery as

to an accounting must be deferred until the preliminary issue of the right to an accounting is settled, and determined the defendant would not be required to respond to discovery requests seeking information regarding "the amount of any sums that might be due the plaintiff in an accounting." Id. at 86. In David, the court noted the documents sought by the plaintiff "could only have relevance as to the amount of any sums that might be due the plaintiff in an accounting and not the issue of the plaintiff's right to an accounting," and therefore, the plaintiff was not entitled to the discovery until the issue of the right to an accounting had been determined favorably to the plaintiff. However, in David, the plaintiff was only suing for specific performance, constructive trust and an accounting. As such the documents the plaintiff was seeking could only be relevant to the accounting issue. In this case, in addition to an accounting, Plaintiff seeks damages for breach of contract. Clearly, the documents Plaintiff seeks would be relevant to its claim for damages. As Defendant has failed to show any other reason to prohibit the discovery, the Court will grant Plaintiff's Motion to Compel as it relates to Document Requests Numbers 20, 21 and 49.

**B.      Plaintiff's Interrogatories**

Defendants point out that counsel for Plaintiff failed to confer with opposing counsel regarding the Interrogatories prior to filing the instant Motion to Compel. This alone is sufficient reason to deny the Motion to Compel with respect to the Interrogatories and the Court will do so. The parties are directed to meet and confer regarding Defendants' responses to the Interrogatories. The parties should use the rulings in this Order as guidance and the Court is hopeful they will be able to resolve

any disputes without further Court involvement. The Court will not hesitate to sanction any party failing to fully cooperate in discovery and failing to take a reasonable position with respect to discovery.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 53) is **GRANTED in part and DENIED in part** as stated in the body of this Order. Defendant shall produce the requested documents no later than **Monday, February 9, 2009**.

2. Defendants' Request for Oral Argument (Doc. 58) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  29th  day of January, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record