UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
A Florida Corporation,

    Plaintiff,

v.                              Case No.: 3:07-CV-961-J-12MCR

DEPLOYED RESOURCES, LLC.,
A foreign limited liability company,
JOHN AND JANE DOE; etc

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, UNLIMITED RESOURCES INCORPOATED, a Florida Corporation, ("Unlimited"), by and through its undersigned attorneys, hereby sues Defendant, DEPLOYED RESOURCES, LLC, a foreign limited liability company ("Deployed") and alleges the following:

### Nature of the Action

1. This is an action for damages and other relief arising from Deployed's failure to pay Unlimited 10% of gross sales that were earned by Deployed because of Unlimited.

2. At all times material hereto, Unlimited markets the services of parties seeking to obtain emergency disaster work and clients; such services also include, consultation, brokerage, vetting, and business procurement by Unlimited (the "Unlimited Marketing Services"). In connection therewith, Unlimited utilizes its unique disaster expertise (the "Unlimited Expertise") and professional relationships (the "Unlimited Network") that Unlimited, by and through its officers ("Johnson"), have developed and carefully cultivated over their professional careers in both the private and public sectors. For purposes herein, the Unlimited Network includes all persons and parties disclosed herein pursuant to Rule 26, which is incorporated herein by

reference. Thus, in its simplest sense, Unlimited brings buyers and sellers of emergency disaster services together and is paid for this marketing and procurement.

3. At all times material hereto, Deployed constructs, operates, and provides life support facilities ("Base Camps") during emergencies after Unlimited marketed the services of Deployed to the Unlimited Network and obtained the business for Deployed.

## Parties

4. Unlimited, is a corporation organized and existing under the laws of Florida, with its principal place of business located in Ponte Vedra Beach, St. Johns County, Florida.

5. Deployed, is a limited liability company organized and existing under the laws of the State of New York, doing business in Florida as a foreign limited liability company.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as this is an action between citizens of different states for damages exceeding the sum of $75,000, exclusive of interest and costs, and for related equitable relief within the jurisdiction of this Court.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391, since the Defendant does business in the Middle District and a substantial part of the events or omissions giving rise to the clam occurred in the Middle District of Florida.

## General Allegations

8. Prior to 2001, Deployed was exclusively engaged in the procurement and provision of services related to music concerts and festivals for which it provided patron services such as bathrooms, food service, water, etc.

9. Deployed wanted to expand into base camp operations relating to the emergency disaster resource market but lacked the necessary contacts, expertise, and network in order to accomplish this task.

10. After, September 11, 2001, Deployed engaged Unlimited to provide Deployed the Unlimited Marketing Services based on the unique expertise and experience of Unlimited that it acquired through 25 years of emergency disaster services work, by and through its president, Charles E. Johnson ("Johnson").

11. Johnson worked in both the private and public sector providing and coordinating national emergency relief efforts and services on behalf of state and federal government entities, including but not limited to, the Department of Defense, the Federal Emergency Management Agency, the Department of Community Affairs, the Division of Emergency Management, and the National Red Cross, where he served as regional director and Red Cross officer for disaster operations.

12. In connection with this work, Johnson received numerous accolades of professional achievement, multiple awards, personal recognition, and, for the present purposes herein, developed numerous personal and professional friendships, contacts and a client base from which he built the Unlimited Network and Expertise.

13. In stark contrast, Deployed did not have any emergency disaster expertise, contacts, licenses, or qualifications *of any kind* to procure emergency business.

14. Deployed engaged Unlimited to provide the Unlimited Marketing Services to assist in the procurement of emergency disaster business for the financial benefit of Deployed, for which Deployed represented, agreed, and promised 10% of gross sales derived therefrom, in any way related to the Unlimited Marketing Services, and for whatever Unlimited brought to the table and was earned by Deployed; Unlimited also had an unrestricted right to request an accounting for the gross sales received..

15. Though the initial engagement was pursuant to discussion, the general terms thereof were reflected in multiple written agreements Unlimited provided to Deployed, read to

Deployed, discussed with Deployed, performed by the parties, updated by Unlimited, all without Deployed objection. (The writings are attached to the deposition of Johnson and incorporated herein by reference) (collectively the "Agreement").

16. In reliance thereupon, and further reflection of all terms and dealings, Unlimited performed all terms of the Agreement, and marketed the product and services of Deployed using the Unlimited Network and based on the Unlimited Expertise to get emergency disaster work for Deployed.

17. Based thereon, and using the extensive Unlimited Network, Unlimited procured for the financial benefit of Deployed business with entities named Comfort Zone Portables, Clearbrook LLC, the Disaster Solution Alliance ("DSA"), and Post Buckley Schuc Jernigan ("PBSJ"), who was using Clearbrook as a front to obtain FEMA contract for Hurricane Katrina. This last relationship is particularly significant, in that PBSJ, and its principals, were long time friends and colleagues of Unlimited as part of the Unlimited Network. Pursuant to the Agreement, Unlimited brought Deployed to PBSJ who then engaged Deployed to perform a $100 million contract with FEMA through Clearbrook. Later, Deployed would then hire PBSJ employee that Unlimited brought to Deployed. At all times material hereto, Deployed has hid the relationship with PBSJ because it know that Unlimited was the procuring cause and it would be liable for all monies earned relating to same. This "hidden relationship" is described more particularly in Unlimited Response to Motion to Quash (Docket No. 84).

18. Procurement of this business was only possible through the "Unlimited" Marketing Services, Expertise, and Network. .

19. In performing the Agreement, Unlimited reposed the highest level of fiduciary trust, duty, and honor to Deployed, believing, albeit incorrectly, that Deployed would honor their fiduciary duty by paying Unlimited its proportional share of income. In addition, and as part

4

thereof, Deployed represented and treated Unlimited akin to partner and joint venture with what was believed to be good faith.

20. To date, Deployed refused to pay Unlimited its proportional share of gross sales, Deployed refused to provide accounting as to monies received, to which Unlimited is duly entitled. Thus, Unlimited is uncertain as to the exact monies owned.

21. All conditions precedent have been performed or have been waived, and Unlimited has performed all terms of the Agreement.

## COUNT I – BREACH OF CONTRACT

22. Unlimited incorporates by reference paragraphs 1-21 as if fully set forth herein.

23. Notwithstanding the terms of the Agreement, Deployed breached the Agreement, including the covenants of good faith by:

   a) Refusing to pay Unlimited 10% of all gross sales earned form Comfort Zone, Clearbrook, DSA, and PBSJ;

   b) Refusing to provide accounting to Unlimited as to all gross sales earned from Comfort Zone, Clearbrook, DSA and PBSJ

   c) Misappropriating the Unlimited Network;

   d) Using Unlimited name to secretly obtain business;

   e) Violating tenets of good faith and fiduciary duty;

24. As a result of the breach, Unlimited has been damaged.

**WHEREFORE,** Unlimited demands Judgment for damages against Deployed, together with interest, costs, and all other relief deemed just and proper.

## COUNT II - UNJUST ENRICHMENT

25. Unlimited incorporates by reference paragraphs 1-21 as if fully set forth herein.

26. Deployed received a benefit from the services Unlimited Resources provided.

27. Deployed requested the benefit, or knowingly and voluntarily accepted it, by accepting Unlimited's services.

28. Deployed failed to compensate Unlimited for its services.

**WHEREFORE**, Unlimited demands Judgment for damages against Deployed, together with interest, costs, and all other relief deemed just and proper.

## COUNT III – ACCOUNTING

29. Unlimited incorporates by reference paragraphs 1-21, 22-24, as if fully set forth herein.

30. Pursuant to the Agreement, Unlimited has a right to full accounting to ascertain the total gross sales received from Deployed from which it is entitled to pay its full share.

31. Because Deployed failed to comply with their obligations to pay Unlimited its share of the profits, Unlimited requests an accounting.

**WHEREFORE**, Plaintiff demands judgment for a full accounting from Deployed, that all monies, plus damages and other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Unlimited Resources Incorporated, demands trial by jury on all issues so triable.

[SPACE LEFT INTENTIONALLY BLANK]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and U.S. Mail to: Richard G. Rumrell, 9995 Gate Parkway North, Suite 190, Jacksonville, Fl 32246 and facsimile 904- 996-1120 on this 23rd day of March, 2009.

*Daniel A. Nicholas*
DANIEL A. NICHOLAS, ESQUIRE
Florida Bar No.: 847755
Rissman, Barrett, Hurt,
Donahue & McLain, P.A.
One North Dale Mabry Highway
11th Floor
Tampa, Florida 33609
Phone: (813) 221-3114
Facsimile: (813) 221-3033
Attorney for Plaintiff

DAN/ccl/900043