**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

      Plaintiff,

vs.                                                Case No. 3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; RICHARD
STAPLETON; ROBB NAPIOR; MICHAEL
FRISCH; JOHN DOE; and JANE DOE,
currently unknown individuals or entities,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

    **THIS CAUSE** is before the Court on Defendant's Motion for Sanctions (Doc. 95), Plaintiff's Motion to Strike (Doc. 102), and Plaintiff's Motion for Extension of Time (Doc. 103). On April 15, 2009, Judge Melton entered an Order referring Defendant's Motion for Sanctions to the undersigned for a Report and Recommendation. (Doc. 99).

    The undersigned has reviewed the Motion for Sanctions and believes that in light of the Court's Order permitting Plaintiff to file an amended complaint (Doc. 104) and the fact that Defendant's Motion for Sanctions would require the Court to essentially make a summary judgment determination, it is best to deny the motion at this time. The undersigned believes a Rule 11 motion would best be considered at the conclusion of

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

the litigation.  See Donaldson v. Clark, 819 F.2d 1551, 1555 (11th Cir. 1987) (Rule 11 sanctions based on the factual adequacy of a complaint are best considered at the end of litigation).  Accordingly, the undersigned recommends that the Motion for Sanctions (Doc. 95) be denied without prejudice and Defendant be permitted to re-file such a motion at the conclusion of this litigation.[2]

Additionally, Plaintiff's Motions to Strike (Doc. 102) and for Extension of Time (Doc. 103) should be denied as moot in light of the foregoing.   After due consideration, it is

**RECOMMENDED**:

1.Defendant's Motion for Sanctions (Doc. 95) be **DENIED without prejudice**.

2.Plaintiff's Motion to Strike (Doc. 102) and Plaintiff's Motion for Extension of Time (Doc. 103) be **DENIED as moot**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  27th  day of April, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[2] This ruling should not be interpreted as indicative of the Court's opinion either way on whether Rule 11 sanctions are appropriate.  Plaintiff and its attorney should anticipate the issue of Rule 11 sanctions in the future and govern themselves accordingly.

Copies to:

Howell W. Melton,
 United States District Judge

Counsel of Record