UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

    Plaintiff,

vs.                                                 Case No. 3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; JOHN DOE; and
JANE DOE, currently unknown individuals or
entities,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Second Motion to Compel (Doc. 98) filed April 14, 2009. Defendant filed a response in opposition to this Motion on May 8, 2009. (Doc. 118). Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

This case involves Plaintiff's claims that it had a verbal contract with Defendant whereby Plaintiff would use its contacts and industry expertise in emergency disaster relief to obtain state, federal and military disaster relief contracts for Defendant. Plaintiff contends that as a result of its efforts, Defendant obtained several contracts for which Defendant was paid or will be paid in the future and that Defendant intentionally failed to disclose the number and content of the contracts they obtained as a result of Plaintiff's efforts.

The parties have had a difficult time with discovery and the Court has been called upon to resolve numerous discovery disputes. The instant dispute is centered on Plaintiff's Supplemental Discovery served upon Defendant. On April 24, 2009, the Court "strongly suggest[ed]" the parties meet and confer in an attempt to resolve the issues in the instant motion. (Doc. 104, p.8). To that end, Defendant asserts the parties did meet and confer and that most of the issues raised in the instant motion have been resolved and the only remaining disputes concern Plaintiff's requests for production numbers 19, 23, 25 and 37. (Doc. 118, p.5).

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant motion, Plaintiff argues Defendants' responses to its supplemental requests for production of documents and supplemental interrogatories are deficient. As noted above, Defendant asserts that after conferring with counsel for Plaintiff, the only remaining disputes deal with Plaintiff's document requests numbers 19, 23, 25 and 37.[1]

**A.      Plaintiff's Requests Nos. 19, 23 and 25**

These requests seek documents submitted by Defendant to FEMA or to other state or federal agencies and to the states of Louisiana, Mississippi, Florida, Alabama, California, and any other state for emergency disaster work from 2005 through the present. In its response to the instant motion, Defendant takes the position that it should only have to produce documents submitted to these entities regarding contracts it was actually awarded. Defendant argues that documents regarding contracts it did not receive would not be relevant to Plaintiff's claims. The Court agrees. Plaintiff's case centers around its argument that it is entitled to ten percent of the revenues earned by Defendant for any work Plaintiff procured for Defendant. Clearly, the only relevant documents would be documents surrounding the contracts Defendant was actually awarded. Accordingly, the Court will deny Plaintiff's Motion to Compel insofar as it relates to these requests.

---

[1] Although Defendant states the only remaining requests at issue are these four, its response also provides argument regarding requests numbers 56 and 78, as well as interrogatory number 2. Therefore, the Court assumes these two requests and the interrogatory are also at issue.

**B.      Plaintiff's Request No. 37**

This request seeks documents reflecting any meetings Plaintiff arranged on Defendant's behalf.  In its response to the Motion to Compel, counsel for Defendant indicated he asked counsel for Plaintiff to provide more detail as to which meetings Plaintiff was referring.  Apparently, counsel for Plaintiff refused and in the Motion to Compel, Plaintiff states Defendant's request is "laughable—the meetings to which Plaintiff is referring are those arranged by Plaintiff.  These documents should be produced."  (Doc. 98, p.7).  This is precisely the sort of behavior and refusal to communicate/cooperate the Court has cautioned the parties against.  The Court certainly hopes counsel for Defendant conducted a diligent inquiry of his client in order to determine if any meetings arranged by Plaintiff could be identified.  Assuming that occurred, it is not unreasonable for counsel for Defendant to ask Plaintiff for further clarification.  If no such clarification is provided, it is proper for Defendant to respond that it is not aware of any such meetings.  Accordingly, counsel for Defendant is directed to confer with counsel for Plaintiff in a final attempt to obtain further detail and to provide a revised response to this request no later than **Monday, May 18, 2009**.

**C.      Plaintiff's Request No. 56**

This request seeks documents reflecting any accountings performed by Defendant in connection with monies it received regarding Hurricane Katrina.  Defendant responds that it has already provided Plaintiff with the invoices for the work performed for Hurricane Katrina and therefore, Plaintiff can determine the amount of money it is allegedly owed as a result of its contract with Defendant.  Defendant

characterizes this request as simply an attempt by Plaintiff to obtain an accounting before the issue of whether Plaintiff is entitled to an accounting is determined. The Court agrees. As Plaintiff already has the information necessary to determine the amount of money earned by Defendant for work performed as a result of Hurricane Katrina, the Court will deny Plaintiff's Motion to Compel with respect to this request.

**D.     Plaintiff's Request No. 78**

This request seeks "[a]ll documents requested for production on Plaintiff's First Request for Production to which you filed and withdrew general objection." (Doc. 98, p.11). Defendant responded by providing the bates numbers for the responsive documents, which were previously produced. In its Motion to Compel, Plaintiff states:

> This response shows another discovery game of Defendant, to wit, Defendant withholds discovery based on general objections. In its supplemental response, general objections are being raised, and discovery is being with-held [sic].

(Doc. 90, p.11). Again, the Court sees nothing inappropriate with Defendant's response. Defendant provided the bates numbers for the documents it had already produced. There was no reason for this request to be included in the present motion.

**E.     Plaintiff's Interrogatory No. 2**

This interrogatory asks Defendant to describe in detail:

> all revenue, gross and net, you have ever earned in
> connection with any emergency disaster work you performed
> in connection with Hurricane Katrina, including but not limited
> to describing the source of the work, all invoices reflecting
> the work, all payments for the work, the identity of all payers
> for the work, whether you had ever performed this work
> before Hurricane Katrina, any audits performed regarding
> the work by FEMA, and any and all documents relating
> thereto.

(Doc. 98, p.12). In its response, Defendant lists three entities for which it performed work relating to Hurricane Katrina: Clearbrook, FLDEM, and Comfort Zone. It appears Defendant provided the documentation regarding the work for each of these entities. Plaintiff complains that Defendant did not answer the interrogatory but instead chose to refer to documents. Rule 33(d) of the Federal Rules of Civil Procedure provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Rule 33(d), Fed.R.Civ.P. Accordingly, it is not inappropriate for Defendant to refer to documents in responding to an interrogatory. However, in the present case, Defendant has not provided sufficient detail to enable Plaintiff to locate the responsive documents as readily as could Defendant. As such Defendant is instructed to supplement its response to this interrogatory and provide the bates numbers for the responsive documents. Additionally, the only other portion of this interrogatory it appears Defendant failed to address is describing the source of the work. Defendant shall include a response to this portion of the interrogatory in its revised response, which shall be provided to Plaintiff no later than **Monday, May 18, 2009**.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Second Motion to Compel (Doc. 98) is **GRANTED in part and DENIED in part** as stated in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  13th  day of May, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record