UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

    Plaintiff,

vs.     Case No. 3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; JOHN DOE; and
JANE DOE, currently unknown individuals or
entities,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Third Motion to Compel (Doc. 124) and Defendant's Emergency Motion to Strike same (Doc. 126) both filed May 13, 2009. The Court has reviewed the motions and will grant Defendant's request to strike Plaintiff's Third Motion to Compel (Doc. 124). The reasons for this are multiple. First, Defendant contends the motion contains confidential information.[1] More importantly, however, the Court does not believe counsel for Plaintiff has fully complied with the requirements in Local Rule 3.01(g) or Rule 37(a)(1), Fed.R.Civ.P. to confer with opposing counsel prior to filing the motion.

Middle District Local Rule 3.01(g) requires a moving party to confer with opposing counsel prior to filing a motion to compel "in a good faith effort to resolve the

---

[1] The Court is not certain which portion of the motion contains the alleged confidential material and Defendant has provided no details in its emergency motion.

-1-

issue."  If the parties are unable to resolve their differences, Rule 3.01(g) requires the moving party to file a statement with his motion that certifies he has conferred with opposing counsel and the parties could come to no resolution.  The importance of the Local Rules cannot be overstated.  All counsel are expected to be familiar with and comply with all applicable rules of this Court.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention."  <u>Desai v. Tire Kingdom, Inc.</u>, 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues."  <u>Davis v. Apfel</u>, 2000 WL 1658575 (M.D. Fla. 2000).  Moreover, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith
> conference before any discovery motion is filed, is strictly
> enforced.  Many potential discovery disputes are resolved
> (or the differences narrowed or clarified) when counsel
> confer in good faith.

Middle District Discovery (2001) at 20.

Were this the first time the parties had failed to comply with the requirements of Local Rule 3.01(g), the Court would warn counsel and proceed to consider the motion. However, the attorneys in this case have demonstrated an inability or unwillingness to confer and cooperate with each other.[2]  In the past, the Court has cautioned the parties

---

[2] The Court notes that Defendant's Emergency Motion to Strike likewise fails to comply with Rule 3.01(g) and that this is not the first time counsel for Defendant has failed to comply with rules of this Court.  Therefore, the Court's admonishments contained within this Order are directed to counsel for both parties.

-2-

that it would not hesitate to sanction a party or an attorney taking an unreasonable position or failing to cooperate in discovery.  Clearly, the attorneys are planning to test the Court's resolve.  Accordingly, if the Court is asked to rule upon another discovery motion or address a baseless motion, it **will** sanction any party or attorney who fails to comply with any of the rules of this Court or who the Court determines is failing to conduct him or herself with a spirit of civility and cooperation.  To this end, the Court directs counsel to meet in person to discuss and attempt in good faith to resolve any remaining discovery disputes.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Emergency Motion to Strike same (Doc. 126) is **GRANTED**.  The Clerk is directed to **STRIKE** Plaintiff's Third Motion to Compel (Doc. 124).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  14th  day of May, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record