UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

   Plaintiff,

vs.              Case No. 3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; JOHN DOE; and
JANE DOE, currently unknown individuals or
entities,

   Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Portions of the Amended Complaint and Motion for More Definite Statement (Doc. 121) filed May 11, 2009. Plaintiff filed a response in opposition to this Motion on May 21, 2009.[1] (Doc. 133). Accordingly, the matter is now ripe for judicial review.

In its motion, Defendant contends the Amended Complaint contains "immaterial and impertinent" allegations and asks the Court to strike them. Additionally, Defendant

---

[1] Plaintiff's response fails to comply with Local Rule 3.01(b) in that it does not contain a memorandum of legal authority. Despite being cautioned numerous times to review and ensure compliance with the local rules, clearly counsel for Plaintiff has failed to do so. The Court would normally strike this response, however, in order to avoid further delay in this case and because the instant motion is devoid of merit regardless of Plaintiff's response, the Court will proceed to rule on the instant motion.

-1-

claims the Amended Complaint references previously filed documents in such a vague or imprecise manner that Plaintiff should be required to provide a more definite statement.

A.     **Defendant's Motion to Strike Portions of Amended Complaint**

Defendant asks the Court to strike several portions of the Amended Complaint on the grounds that they contain immaterial and impertinent information.  Defendant notes the Amended Complaint dropped several claims contained in the original complaint, such as breach of partnership agreement, breach of joint venture, and breach of fiduciary duty.  However, the Amended Complaint contains several statements that reference a fiduciary duty owed by Defendant and that Defendant treated Plaintiff like a partner and joint venture.  As such, Defendant now seeks to have those statements stricken from the Amended Complaint.

Federal Rule of Civil Procedure 12(f) provides that the court may strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f), Fed.R.Civ.P.  However, motions to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Siebel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997) (citing Poston v. American President Lines, Ltd., 452 F. Supp 568, 570 (S.D. Fla. 1978)).

Plaintiff responds that its claim for an accounting is premised both on a belief that it was entitled to an accounting pursuant to the contract entered into with Defendant as well as "an implied requirement of accounting as part of the overall 'partnership,' 'Joint

Venture' and fiduciary relationship between the parties." (Doc. 133, p.1). Therefore, Plaintiff believes the allegations are appropriate.

In reviewing the Amended Complaint, the Court notes that Count III seeking an accounting makes no reference to this "implied requirement" Plaintiff refers to in its response to the instant motion. Nevertheless, the Court will deny the instant motion on the basis that the complained of provisions in the Amended Complaint are not entirely unrelated to the controversy and the Court does not find their inclusion will cause Defendant any prejudice.

**B.     Defendant's Motion for More Definite Statement**

The Court will now turn to Defendant's request for a more definite statement. Under Rule 12(e), Fed.R.Civ.P., "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The rule further provides: "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Rule 12(e), Fed.R.Civ.P. Here, Defendant filed its Answer and Affirmative Defenses (Doc. 120) to the Amended Complaint on May 11, 2009, immediately before filing the instant motion. In the answer, Defendant was able to deny the same allegations about which it now complains. As Defendant did not file the instant motion prior to filing its answer, the motion is due to be denied. See Brandt v. Magnificent Quality Florals Corp., 2007 WL 2479662, at *1 (S.D. Fla. 2007) (denying motion for more definite statement filed after answer); Williams v. Marengo County Sheriff's Dept., 2007 WL 1381648, at *2 (S.D. Ala. 2007) (same).

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Strike Portions of the Amended Complaint and Motion for More Definite Statement (Doc. 121) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of May, 2009.

*Monte C. Richardson*
     MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record