UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

      Plaintiff,

vs.                                                             Case No. 3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; JOHN DOE; and
JANE DOE, currently unknown individuals or
entities,

      Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant, Deployed Resources's Motion for Hearing to Resolve All Outstanding Discovery Issues (Doc. 136) filed May 29, 2009. The Court granted the Motion and conducted a hearing on June 3, 2009. During the hearing, counsel for both parties presented their positions regarding the most recent discovery dispute. Defendant seeks an Order requiring Plaintiff to provide more detailed responses to its Requests for Production of Documents and Interrogatories. Specifically, Defendant argues Plaintiff has responded to its Requests for Production and Interrogatories by referring to nearly every document produced in the case as being responsive to each discovery request. Defendant believes Plaintiff should be required to provide a list by bates numbers of the specific documents responsive to each request. Plaintiff, on the other hand, responds that it is referencing documents from a

-1-

third party, PBS&J, and therefore, it is not required to provide specific bates numbers as to each request.  Additionally, insofar as Plaintiff referenced its own documents, Plaintiff appears to be taking the position that it need not provide any further detail because it produced its documents as they were kept in the usual course of business.

Federal Rule of Civil Procedure 34 governs requests for production of documents.  Rule 34(b)(2)(E)(i) permits a party responding to a request for production to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request."  Rule 34(b)(2)(E)(i), Fed.R.Civ.P.  Rule 34 is generally designed to facilitate discovery of relevant information by preventing "attempt[s] to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents."  Williams v. Taser Int'l, Inc., 2006 WL 1835437, at *7 (N.D. Ga. 2006).  In Williams, the court noted that while Rule 34 allows a party to produce responsive documents as they are kept in the ordinary course of business, it does not explain what it means to produce documents in that manner.  Id.  The Williams court made clear that the producing party "has an obligation to organize the documents in such a manner that [the requesting party] may obtain, with reasonable effort, the documents responsive to their requests."  Id.  Additionally, the Williams court emphasized that if the producing party were to be "'overly generous' in identifying responsive documents so as to unduly burden [the requesting party] in their search of those documents," the Court would similarly require that documents be organized and specifically labeled as responsive to [the specific requests]."  Id.

Here, as Defendant points out, in its responses to most of Defendant's Requests for Production of Documents, Plaintiff references all the documents produced by third-party, PBS&J; all documents produced by Plaintiff; all documents in the possession of third-party, Clearbrook; and all documents in Defendant's possession. Additionally, in its response to Defendant's Interrogatories, Plaintiff similarly references all documents produced by PBS&J, Defendant and Plaintiff, as well as all documents in the possession of Clearbrook. Defendant asks that Plaintiff be required to provide more detail in its responses, just as the Court, in its May 13, 2009 Order (Doc. 123), required Defendant to provide more details in response to one of Plaintiff's interrogatories.

First, with respect to Plaintiff's response to Defendant's Requests for Production of Documents, the Court agrees Plaintiff must provide more detail. Plaintiff has effectively pointed to all documents in the case as being responsive to each request. As noted in the Williams case, this amounts to being overly generous in identifying responsive documents. As such, the Court will require, to the extent it has not done so already[1], Plaintiff to provide references to specific documents, by their bates number, with respect to Plaintiff's documents. That is, Plaintiff must identify by bates numbers each of its own documents that are responsive to each request. The Court is requiring this of Plaintiff because Plaintiff is in the best position to identify its own documents and assist Defendant in finding those documents responsive to each request. The Court will

---

[1] The Court acknowledges that Plaintiff provided an amended response to Defendant's Requests for Production of Documents in which Plaintiff provided more detail. It is not clear, however, from Plaintiff's response whether Plaintiff provided all the bates numbers for its own documents that are responsive to each request.

not, however, require Plaintiff to provide specific references to documents from PBS&J or Defendant.  In the case of those documents, it is just as easy for Defendant to determine responsive documents as it is for Plaintiff.  Moreover, requiring counsel for Plaintiff to organize the documents from a third-party might provide some insight into those documents counsel finds particularly relevant and such is not required.  Accordingly, the Court will not direct counsel for Plaintiff to provide any more detail with respect to documents from any other entity.  Plaintiff shall provide a revised response to Defendant's Requests for Production of Documents by **Monday, June 8, 2009**.

With respect to Plaintiff's responses to Defendant's Interrogatories, for the same reasons noted above, the Court will again require Plaintiff to provide specific references to any of its own documents that it contends are responsive.  In the May 13, 2009 Order, to which Defendant refers, the Court stated:

> it is not inappropriate for Defendant to refer to documents in responding to an interrogatory.  However, in the present case, Defendant has not provided sufficient detail to enable the Plaintiff to locate the responsive documents as readily as could Defendant.

(Doc. 123, p.6).  As such, the Court directed Defendant to supplement its response to an interrogatory and provide the bates numbers for the responsive documents.  The situation the Court was facing with respect to the May 13, 2009 Order was different from the current situation.  First, the interrogatory at issue asked Defendant to describe in detail all revenue it had earned with respect to Hurricane Katrina.  Instead of responding, Defendant referred to documents it had already produced.  Rule 33(d) of

the Federal Rules of Civil Procedure specifically provides that when an answer to an interrogatory may be ascertained by examining documents and the burden of doing so will be substantially the same for either party, the responding party may answer the interrogatory by simply referencing the documents. Rule 33(d), Fed.R.Civ.P. In the instant matter, the interrogatories ask Plaintiff to state facts regarding its claims in the Amended Complaint and to identify all documents supporting those facts. It appears Plaintiff has not chosen to forego a response to the interrogatories by relying on unidentified documents. Instead, Plaintiff points Defendant to its affidavit filed in support of its Motion for Summary Judgment. As for the documents supporting those facts, Plaintiff then references unidentified documents. For the reasons stated above, the Court will require Plaintiff to identify any of its own documents by bates number that support its responses to the interrogatories.

Furthermore, in the May 13 Order, the Court determined it would be easier for Defendant to identify its own documents as being responsive than it would be for Plaintiff. Likewise, in the instant matter, it will be easier for Plaintiff to identify its own responsive documents and the Court is requiring Plaintiff to do so. However, as noted above, it will not be any easier for Plaintiff to identify specific responsive documents from third parties and therefore, the Court will not require such of Plaintiff. Plaintiff shall provide a revised response to Defendant's Interrogatories by **Friday, June 5, 2009**.

Defendant is directed to review Plaintiff's revised responses and if it determines it needs to re-depose the representative from PBS&J, Defendant shall file a motion seeking permission to do so no later than **Tuesday, June 9, 2009**. Responses from

both Plaintiff and PBS&J will be due no later **Thursday, June 11, 2009**.  Counsel for Defendant is forewarned that the Court will not permit a second deposition of the representative from PBS&J if it finds Defendant had ample opportunity to obtain the information sought during the first deposition.  Therefore, the motion seeking leave to re-depose the representative must set forth specifics regarding the information needed and specifics demonstrating why that information could not have been obtained during the first deposition.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of June, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Counsel for non-party, PBS&J