UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES
INCORPORATED, etc.,

    Plaintiff,

v.                                          No.3:07-cv-961-J-12MCR

DEPLOYED RESOURCES, LLC,

    Defendant.

## ORDER

This cause is before the Court on Plaintiff's Dispositive Motion for Summary Judgment ("Plaintiff's motion for summary judgment")(Doc. 144) and Defendant's response in opposition thereto (Doc. 149), and Defendant Deployed Resources, LLC's Dispositive Motion for Summary Judgment ("Defendant's motion for summary judgment")(Doc. 146) and Plaintiff's response in opposition thereto (Doc. 148). On September 9, 2009, the Court heard oral argument on the motions. After a brief review of the claims involved in this case and the standard of review on summary judgment, the Court will address each parties' motion in turn, and for the reasons set forth herein, will deny both motions for summary judgment.

### Plaintiff's Claims

Plaintiff's Amended Complaint (Doc. 105) asserts three causes of action: breach of contract, unjust enrichment, and accounting. Plaintiff's claims all relate to Defendant's alleged failure to perform in accordance with an agreement between the parties whereby

Plaintiff would use its expertise, contacts and relationships in the business of providing disaster emergency services to assist Defendant in procuring contracts to provide such services, and in return Plaintiff would be compensated for the business generated as the result of its assistance.

It is undisputed that the parties had a business relationship for several years, that Plaintiff assisted Defendant in procuring some contracts to provide disaster emergency services, and that Defendant paid some compensation to Plaintiff for its assistance in procuring some contracts. See Doc. 149 at p.2 n.1. However, the parties contest the nature and terms of the agreement between them, whether Plaintiff has been paid in full for certain contracts, as well as whether Plaintiff played a role in Defendant's procurement of certain contracts with regard to which Plaintiff claims it is entitled to compensation pursuant to the parties' alleged agreement.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether the movant is entitled to summary judgment, the Court must view all the evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party, and must resolve all reasonable doubts in favor

of the non-movant. See, e.g., Rioux v. City of Atlanta, Georgia, 520 F.3d 1269, 1274 (11th Cir. 2008)(citations omitted).

## Plaintiff's Motion for Summary Judgment

Plaintiff seeks summary judgment on a narrow issue involved in its claim for unjust enrichment: "[t]hat Unlimited [Plaintiff] conferred benefit from PBS[&]J, Clearbrook, and Comfort Zone to Deployed [Defendant], who, with knowledge thereof, accepted and retained the benefit, for which it is inequitable not to pay Unlimited the value of the benefit." Doc. 144 at pp. 5 and 15. Plaintiff contends that the undisputed facts contained in the record establish that Defendant owes Plaintiff compensation for Plaintiff's efforts regarding Comfort Zone, that Plaintiff facilitated a business relationship between Defendant and PBS&J, and that PBS&J's relationship with Clearbrook was such that any contract for emergency disaster services between Clearbrook and Defendant was essentially a contract between PBS&J and Defendant. As a result, Plaintiff's position is that it should be paid a percentage of the business generated under contracts Defendant entered into with both PBS&J and Clearbrook pursuant to the agreement between them.

Defendant contends that the record establishes that Plaintiff is not entitled to be paid under any contracts for three reasons: 1) Plaintiff already has been paid for the contracts it helped Defendant procure and had accepted such payment without objection (Comfort Zone contracts); 2) Plaintiff was not involved in the procurement of the contract so is not entitled to compensation (Clearbrook contracts); or 3) Defendant has not yet performed any work or been paid under certain contracts so any claims by Plaintiff as to such contracts are premature (PBS&J contracts).

3

A review of the Court's docket reveals that the discovery in this case was protracted and highly contested. Both parties have submitted voluminous materials with respect to their respective motions for summary judgment, which the Court has reviewed.

The Court finds that the record demonstrates that numerous issues of disputed material fact remain regarding the nature and terms of the business relationship between Plaintiff and Defendant, whether Plaintiff has been paid in full regarding Comfort Zone contracts, the nature of the relationship between PBS&J and Clearbrook, and whether Plaintiff's role, if any, in Defendant's procurement of contracts with either PBS&J or Clearbrook, was such that Plaintiff should be entitled to recover some percentage of the emergency disaster service business generated pursuant to any of those contracts. Such factual determinations will require the evaluation of the credibility of witnesses, which is properly done by the trier of fact at trial and not on a motion for summary judgment.

In addition, summary judgment on Plaintiff's claim of unjust enrichment is premature until it is determined whether an express contract existed between the parties concerning the same matters raised in that claim. For the reasons set forth below, disputed questions of material fact remain to be determined before a conclusion may be reached regarding the existence of a contract between the parties. Unjust enrichment (quasi-contract or contract implied as a matter of law) is an equitable remedy not available if an express contract exists concerning the same subject matter. E.g., Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805-807 (11th Cir. 1999)(discussing the elements of the cause of action of unjust enrichment and the difference between unjust enrichment and quantum meruit or contract implied as a matter of fact); Commerce Partnership 8098 Limited Parnership v. Equity Contracting Company, Inc., 695 So. 2d 383, 385-387 (Fla. 1st D.C.A.

4

1997)(same); Diamond "S" Development Corp. v. Mercantile Bank, 989 So.2d 696, 697 (Fla. 1st D.C.A. 2008)(a claim for unjust enrichment is precluded by an express contract on the same subject). Plaintiff has pled alternative theories of recovery in its breach of contract and unjust enrichment claims, but must await a determination by the trier of fact regarding whether a contract existed between the parties before its claim for unjust enrichment may be addressed.

As a result, Plaintiff's motion for summary judgment is due to be denied.

### Defendant's Motion for Summary Judgment

Defendant seeks summary judgment regarding all of Plaintiff's claims, or in the alternative, requests that the Court grant partial summary judgment "on the issue[s] of whether Plaintiff procured the Hurricane Katrina contracts from Clearbrook on behalf of Deployed, whether PBS&J was simply a front for Clearbrook, what moneys, if any, Deployed obtained from contracts with PBS&J, and what percentage, if any, Plaintiff is entitled to under its agreement with Deployed." Doc. 146 at p. 23.

As discussed above, the record reveals numerous disputed issues of material fact regarding the nature and terms of the agreement between the parties, particularly whether there was a meeting of the minds sufficient to create an enforceable contract between them, the nature of the relationship between PBS&J and Clearbrook, Plaintiff's role, if any, in assisting Defendant to obtain various contracts, whether Plaintiff has been paid in full or in entitled to paid at all under certain contracts, as well as whether any agreement between Plaintiff and Defendant included a provision for an accounting. On the basis of the record before it, viewing the evidence and inferences therefrom in the light most

favorable to Plaintiff, the Court simply cannot find that Defendant is entitled to summary judgment as a matter of law on any of Plaintiff's claims, or on any of the individual issues identified by Defendant. Resolution of conflicting testimony, which requires an evaluation of credibility, is required in order to make findings regarding numerous disputed material factual issues in this case. This is not properly done by the Court on a motion for summary judgment and must be left for the trier of fact at trial.[1]

As a result, Defendant's motion for summary judgment also is due to be denied.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

1.   That Plaintiff's Dispositive Motion for Summary Judgment (Doc. 144) is

---

[1]   Defendant urges the Court not to consider the errata sheet submitted by Plaintiff to correct the deposition testimony of Chuck Johnson, Plaintiff's corporate representative, because of Plaintiff's failure to comply with Fed.R.Civ.P. 30. Doc. 146 at p. 4 n.1. Defendant maintains that Plaintiff failed to set forth reasons for the changes to the deposition testimony and the Court Reporters never received the errata sheet as required under that rule. Id. Plaintiff contends that it did comply with Fed.R.Civ.P. 30 in that the errata sheet clearly states its purpose to ensure the correctness of the deposition testimony and counsel for Plaintiff provided the errata sheet to the Court Reporters as set forth in his affidavit. See Docs. 148-4 and 148-5.
As an initial matter, the Court notes that Defendant did not move to strike the errata sheet. Additionally, Plaintiff has presented argument and evidence that it did comply with the rule. Moreover, the plain language of Fed.R.Civ.P. 30(e) contemplates changes to form *and substance* of deposition testimony. Some courts interpret the rule narrowly to permit correction only of typographical or transcriptional errors, while others favor a broad approach that is in line with the plain language of the rule and furthers the purpose of discovery to allow the parties to elicit the true facts before trial. See Cultivos Yadran, S.A. v. Rodriguez, 258 F.R.D. 530 (S.D. Fla. 2009)(discussing both approaches as followed in various jurisdictions and noting that no binding precedent exists in the Eleventh Circuit as to the proper interpretation).
The Court is of the opinion that it need not rule on this issue because whether or not the Court considers the corrected deposition testimony, the record contains disputed issues of material fact as discussed herein, and much of Plaintiff's "corrected" testimony is supported elsewhere in his deposition testimony or by affidavit. See Docs. 100-2, 101-2, 101-3, 101-4.

denied; and

    2.    That Defendant Deployed Resources, LLC's Dispositive Motion for Summary Judgment (Doc. 146) is denied.

**DONE AND ORDERED** this \_\_12TH\_\_ day of November 2009.

                                          *Howell W. Melton*
                                        Senior United States District Judge

Copies to:    Counsel of Record