UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

      Plaintiff,

vs.                                     Case No. 3:07-cv-961-J-25MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company,

      Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Plaintiff's Errata Sheet (Doc. 158) filed November 24, 2009. Plaintiff filed a response in opposition to this Motion (Doc. 159) on December 8, 2009. Accordingly, the matter is now ripe for judicial review.

Defendant asks the Court to strike the errata sheet filed by the president of Plaintiff, Charles Johnson. Specifically, Defendant contends the errata sheet substantively changes Mr. Johnson's testimony and is therefore, improper. Plaintiff responds by pointing out that Defendant has failed to provide the Court with any specific examples of substantive changes to Mr. Johnson's testimony. Additionally, Plaintiff notes that the caselaw in the Eleventh Circuit permits individuals to make substantive changes to their deposition testimony. Finally, Plaintiff states that it has agreed to allow Defendant to re-depose Mr. Johnson regarding the changes to his testimony.

-1-

As an initial matter, the Court observes that rather than point out the alleged substantive changes to Mr. Johnson's deposition testimony, Defendant has instead referred to six separate documents filed with the Court. Apparently, counsel for Defendant believes it is the Court's responsibility to sift through the filings to determine Defendant's arguments. It is not. While Defendant has not provided any authority for this conduct, the Court assumes Defendant is relying upon Rule 10(c) of the Federal Rules of Civil Procedure, which states, "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." However, "[a]ccording to its plain meaning, Rule 10(c) does not apply to statements in filings outside of pleadings, *e.g.* documents other than the complaint, answer, and answer to a counterclaim designated as a counterclaim." Roth v. Meridian Financial Network, Inc., 2008 WL 3850478 (D. Hawai'i 2008) (citing Rule 7(a), Fed.R.Civ.P.)). As such, Defendant has failed to show any substantive changes to Mr. Johnson's deposition testimony. Accordingly, Defendant's Motion is due to be denied.

The Court is denying Defendant's Motion without prejudice and will permit Defendant to file another motion. In that motion, Defendant should specify any alleged substantive changes to Mr. Johnson's testimony. Additionally, Defendant should also explain why it failed to file the motion after it first received the errata sheet in April 2009, while discovery was still open, and instead waited until the end of November 2009 to file the motion. Finally, the Court will inform Defendant that absent glaring contradictions in the deposition testimony and the errata sheet, the Court finds the reasoning and analysis in the cases cited by Plaintiff and Judge Melton, Cultivos Yadran, S.A. v.

Rodriguez, 258 F.R.D. 530 (S.D. Fla. 2009) and Liberty/Sanibel II Limited Partnership v. Gettys Group, Inc., 2007 WL 1109274 (M.D. Fla. April 12, 2007), persuasive.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Strike Plaintiff's Errata Sheet (Doc. 158) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of December, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record