UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNLIMITED RESOURCES INCORPORATED,
a Florida Corporation,

       Plaintiff,

vs.                                Case No.  3:07-cv-961-J-25MCR

DEPLOYED RESOURCES, LLC, a foreign
limited liability company; JOHN DOE; and
JANE DOE, currently unknown individuals or
entities,

       Defendants.

_____/

# **O R D E R**

      **THIS CAUSE** is before the Court on Defendant, Deployed Resources, LLC's

Motion to Strike Plaintiff's Errata Sheet (Doc. 161) filed December 17, 2009.  Plaintiff

filed a response in opposition to this Motion on December 29, 2009.  (Doc. 162).

Accordingly, the matter is now ripe for judicial review.

## **I.  BACKGROUND**

      In the instant Motion, Defendant asks the Court to strike the errata sheet

completed by the president of Plaintiff, Charles Johnson, after his video deposition

conducted on February 13, 2009.  Back on November 24, 2009, Defendant filed its first

Motion to Strike (Doc. 158).  The undersigned denied that motion without prejudice to

Defendant filing a renewed motion which specified the alleged substantive changes

made by Mr. Johnson and explained why Defendant waited until November 2009 in

which to file the Motion to Strike.  (Doc. 160).  The instant Motion is Defendant's attempt

to comply with the Court's Order.

Defendant contends it first learned of the errata sheet on April 16, 2009, when

Plaintiff filed a Motion to Strike Motion for Sanctions (Doc. 102).  Rather than file a

motion to strike at that time, Defendant claims it addressed its concerns about the

timeliness of the errata sheet in its Motion for Extension of Time to File Reply in

Opposition to Motion for Summary Judgment (Doc. 109) dated April 28, 2009.

Defendant also contends it again raised its concerns regarding the substantive changes

made in the errata sheet in its Motion for Summary Judgment (Doc. 146) filed June 15,

2009.  In denying the Motion for Summary Judgment, Judge Melton acknowledged

Defendant's arguments regarding the errata sheet and noted:

> Defendant urges the Court not to consider the errata sheet
> submitted by Plaintiff to correct the deposition testimony of
> Chuck Johnson, Plaintiff's corporate representative, because
> of Plaintiff's failure to comply with Fed.R.Civ.P. 30.
> Defendant maintains that Plaintiff failed to set forth reasons
> for the changes to the deposition testimony and the Court
> Reporters never received the errata sheet as required under
> that rule.  Plaintiff contends that it did comply with
> Fed.R.Civ.P. 30 in that the errata sheet clearly states its
> purpose to ensure the correctness of the deposition
> testimony and counsel for Plaintiff provided the errata sheet
> to the Court Reporters as set forth in his affidavit.
>
> As an initial matter, the Court notes that Defendant did not
> move to strike the errata sheet.  Additionally, Plaintiff has
> presented argument and evidence that it did comply with the
> rule.  Moreover, the plain language of Fed.R.Civ.P. 30(e)
> contemplates changes to form and substance of deposition
> testimony.  Some courts interpret the rule narrowly to permit
> correction only of typographical or transcriptional errors,
> while others favor a broad approach that is in line with the
> plain language of the rule and furthers the purpose of

> discovery to allow the parties to elicit the true facts before
> trial.  See Cultivos Yadran, S.A. v. Rodriquez, 258 F.R.D.
> 530 (S.D. Fla. 2009)(discussing both approaches as followed
> in various jurisdictions and noting that no binding precedent
> exists in the Eleventh Circuit as to the proper interpretation).
>
> The Court is of the opinion that it need not rule on this issue
> because whether or not the Court considers the corrected
> deposition testimony, the record contains disputed issues of
> material fact as discussed herein, and much of Plaintiff's
> "corrected" testimony is supported elsewhere in his
> deposition testimony or by affidavit.

(Doc. 154, p.6, n.1) (internal citations omitted).  As such, Defendant now seeks an

Order striking the errata sheet on the grounds that it was not timely filed, it did not

provide adequate reasons for the changes, and the changes themselves are

substantive and not the type contemplated by Rule 30(e) of the Federal Rules of Civil

Procedure.

Plaintiff responds by arguing that Defendant failed to comply with the Court's

directive to explain Defendant's delay in filing the motion to strike.  Additionally, Plaintiff

takes the position that no substantive changes were made to Mr. Johnson's testimony.

Instead, Plaintiff argues the changes were simply "corrections" necessitated by

Defendant's failure to provide Plaintiff with outstanding discovery as of the date of the

deposition.  Alternatively, Plaintiff argues that even if the changes were substantive, the

caselaw noted by Judge Melton allows such changes to deposition testimony.  The

Court will address each of these arguments.

## II. ANALYSIS

First, with respect to Plaintiff's argument that Defendant did not adequately explain its failure to file the motion to strike earlier, Defendant cites to the case of Kearney v. Auto-Owners Insurance Co, No. 8:06-cv-595-T-24TGW, 2009 WL 3712343 (M.D. Fla. Nov. 5, 2009), for the proposition that because an errata sheet was excluded as a result of a motion in limine, the instant Motion to Strike is timely. Had Defendant filed a Motion in Limine, the Court may be more persuaded by this argument, however, Defendant did not elect to do so. Instead, Defendant filed a Motion to Strike after the close of discovery and after summary judgment was denied. Defendant did not provide any further reasons for its delay except to note that it did raise its concerns at the summary judgment stage and to state that it believed it was in compliance with the Court's May 14, 2009 Order which stated:

> if the Court is asked to rule upon another discovery motion or address a baseless motion, it will sanction any party or attorney who fails to comply with any of the rules of this Court or who the Court determines is failing to conduct him or herself with a spirit of civility and cooperation. To this end, the Court directs counsel to meet in person to discuss and attempt in good faith to resolve any remaining discovery disputes.

(Doc. 161, p.4, n.3 (citing Doc. 129)). The Court cannot quite discern how the Court's directive to discontinue filing discovery motions without first complying with the Local Rules of this Court somehow led counsel for Defendant to believe he should hold off on filing a motion to strike. In any event, the Court will proceed to consider the instant Motion as it believes resolution of this issue at this time is in the best interests of the parties and judicial economy.

-4-

As for Plaintiff's claims that the changes to the deposition testimony are not

substantive, the Court does not agree. While most of the changes are indeed

"corrections" or attempts to clarify the original response, several changes are

substantive changes. For example, Plaintiff has made repeated changes to show that

an accounting was part of the agreement with Defendant, even though the original

responses to the deposition questions do not mention an accounting. Additionally, the

changes to Mr. Johnson's testimony regarding whether the agreement was for ten

percent of the gross or ten percent of the rentals also appear to be substantive.

Rule 30(e) of the Federal Rules of Civil Procedure provides:

> On request by the deponent or a party before the deposition
> is completed, the deponent must be allowed 30 days after
> being notified by the officer that the transcript or recording is
> available in which:
>
> (A) to review the transcript or recording; and
> (B) if there are changes in form or **substance**,
> to sign a statement listing the changes and the
> reasons for making them.

Rule 30(e)(1), Fed.R.Civ.P. (emphasis added). The parties acknowledge the existence

of a split of authority on whether substantive changes to deposition testimony are

permitted. Additionally, the parties acknowledge that the Eleventh Circuit has yet to

address this issue. Defendant urges the Court to follow those cases adopting a narrow

reading of Rule 30(e) and absent obvious confusion during a deposition, strike changes

that are not the result of typographical or transcriptional errors. See e.g. Reynolds v.

I.B.M. Corp., 320 F.Supp.2d 1290, 1301 (M.D. Fla. 2004), aff'd, 125 Fed. Appx. 982

(11ᵗʰ Cir. 2004). Plaintiff, on the other hand, asks the Court to adopt a broad reading of

Rule 30(e) and to permit the changes. In addition, Plaintiff has agreed to allow

Defendant to re-depose Mr. Johnson regarding the changes to his deposition testimony.

In reviewing the cases interpreting Rule 30(e), the undersigned is more

persuaded by those cases adopting a broad view of the Rule. See Liberty/Sanibel II v.

The Gettys Group, Inc., No. 2:06-cv-16-FtM-29SPC, pp. 2-3 (M.D. Fla. Feb. 28, 2007)

(listing cases adopting the broad view of Rule 30(e)); Cultivos Yadran S.A. v.

Rodriguez, 258 F.R.D. 530 (S.D. Fla. 2009); Purdee v. Pilot Travel Centers, LLC, No.

CV407-028, 2007 WL 3143716 (S.D. Ga. Oct. 23, 2007). As the text of the Rule

explicitly refers to changes in substance, the undersigned believes substantive changes

are permissible. Additionally, the Court finds persuasive the safeguards to prevent

abuse utilized by many of the courts allowing a more broad interpretation of the Rule.

First, in many of those cases, the courts allowed the original deposition answers to

remain part of the record and to be read at trial. This remedy reduced the likelihood of

abuse of Rule 30(e) because the deponent was aware that "'the original answers as

well as the changes and the reasons [would] be subject to examination by the trier of

fact.'" Liberty/Sanibel II, 2:06-cv-16-FtM-29SPC at p.4 (quoting Lugtig v. Thomas, 89

F.R.D. 639, 641 (N.D. Ill. 1981)). The second safeguard is to permit the reopening of

the deposition to address the changes. Id. The party making the changes must bear

the costs of the reopening of the deposition. Id.

Defendant also raises two other arguments, which the Court will briefly address.

First, Defendant contends the errata sheet was not timely submitted and therefore, is

impermissible. Additionally, Defendant argues the reasons for the changes given by Mr.

Johnson are inadequate. As for the timeliness of the errata sheet, Defendant submitted affidavits from two court reporters stating they did not receive errata sheets from Mr. Johnson. Counsel for Plaintiff, on the other hand, asserts the errata sheets were timely provided to the court reporters. Because counsel for Plaintiff is an officer of this Court, the undersigned will accept his representation and hold that the errata sheets were timely submitted.

As for Defendant's other argument, that the reasons provided for the changes are inadequate, the Court finds this argument more persuasive. To support his changes, Mr. Johnson simply stated "[t]hese changes are necessary to ensure the correctness of my testimony." (Doc. 161, p.45). While the Court agrees this statement is extremely general and a weak explanation at best, it is nevertheless, an explanation. Rule 30(e) does not speak to the level of specificity required for changes to deposition testimony. In any event, the undersigned believes the proper course of action is to permit the changes while implementing the two safeguards noted above and utilized in the Liberty/Sanibel II case. Given the challenges with discovery in this case and specifically, Defendant's reluctance to provide discovery, the Court believes the errata sheet should not be stricken. However, the Court will permit Defendant to re-depose Mr. Johnson regarding only the amended answers provided in the errata sheet, at Plaintiff's expense, at a mutually agreeable time on or before **Friday, January 15, 2010**. Additionally, the Court believes both versions of the deposition, including the errata sheet, should be permitted to be read at trial, to the extent permitted by the Federal Rules, so that the trier of fact may determine the reliability of the testimony.

-7-

Accordingly, after due consideration, it is hereby

**ORDERED**:

1.      Defendant, Deployed Resources, LLC's Motion to Strike Plaintiff's Errata Sheet (Doc. 161) is **DENIED**.

2.      The original deposition answers and those provided on the errata sheet may be presented at trial to the extent permitted by the Federal Rules.

3.      The deposition of Charles Johnson may be reopened, at Plaintiff's expense, for Defendant to inquire into the changes made to his testimony.  This deposition shall be completed no later than **Friday, January 15, 2010**.


        **DONE AND ORDERED** in Chambers in Jacksonville, Florida this _5th_ day of January, 2010.


_Monte C. Richardson_

            MONTE C. RICHARDSON
        UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record